IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FREEMAN MITCHELL MORRIS,          :
                                                           :
               Petitioner,                              :
                                                           :          **7: 14–CV–4 (HL)**
        VS.                                             :          28 U.S.C. § 2255
                                                           :          **7: 10-CR-33 (HL)**
UNITED STATES OF AMERICA,        :
                                                           :
               Respondent.                          :
_____:

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, effectively filed on January 3, 2014, is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.   (Doc. 76).

### Background

Petitioner was indicted in the Middle District of Georgia on October 28, 2010.   (Doc. 1). The indictment charged Petitioner with one count of possession with intent to distribute MDMA, also known as "Ecstacy".   During the relevant time period, Petitioner was represented by D. Nicole Williams, an attorney with the Federal Defender's Office at that time.   A jury found Petitioner guilty, and on June 20, 2011, Petitioner was sentenced to 210 months imprisonment, followed by 3 years of supervised release.   (Docs. 46, 56).   Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the conviction.   (Doc. 74).   The Supreme Court of the United States denied Petitioner's petition for a writ of certiorari.   (Doc. 76-1).

**Discussion**

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Petitioner alleges that trial counsel was ineffective for (1) failing to object to Petitioner's prior conviction of battery on a law enforcement officer being characterized as a crime of violence, (2) failing to object when the district court failed to use the modified categorical approach in determining that Petitioner's conviction of obstruction of a law enforcement officer was a crime of violence, and (3) failing to properly argue for a downward variance[1].   (Doc. 76-1).

***Evidentiary Hearing***

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion.   *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984).   "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if

---

[1] In his Petition, Petitioner states his counsel failed to move for a downward *departure*; however, after review of Petitioner's argument and citations to authority (e.g. *U.S. v. Booker*, 543 U.S. 220 (2005)), it appears Petitioner is asserting that his counsel failed to move for a downward *variance*.   As such, the Court will examine Petitioner's claim as a failure to move for a downward *variance*.

proven, would entitle him to relief."   *Futch v. Dugger*, 874 F.2d 1483,1485 (11th Cir. 1989).

The Court is not required to hold an evidentiary hearing, however, where the record makes

"manifest the lack of merit of a Section 2255 claim."   *United States v. Lagrone*, 727 F.2d 1037,

1038 (11th Cir. 1984).   "[If] the record refutes the applicant's factual allegations or otherwise

precludes habeas relief, a district court is not required to hold an evidentiary hearing."   *Schirro*

*v. Landrigan*, 550 U.S. 465, 474 (2007).   The record herein is sufficient to evidence that

Plaintiff's claims lack merit, and therefore no evidentiary hearing is necessary.

### *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of

establishing by a preponderance of the evidence that (1) his attorney's performance was deficient

and that (2) he was prejudiced by the inadequate performance.   *Strickland v. Washington*, 466

U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000).   To

establish deficient performance, a defendant must prove that his counsel's performance was

unreasonable under prevailing professional norms and that the challenged action was not sound

strategy.   *Chandler*, 218 F.3d at 1313.   There is a strong presumption in place that the

challenged action constituted sound trial strategy.   *Chateloin v. Singletary*, 89 F.3d 749, 752

(11th Cir. 1996).   As such, a court must "judge the reasonableness of counsel's conduct on the

facts of the particular case, viewed as of the time of counsel's conduct."   *Roe v. Flores-Ortega*,

528 U.S. 470, 477 (2000).   In order to show that counsel's performance was unreasonable, a

petitioner must show that no competent counsel would have taken the action in question. *Hall v.*

*Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability

that, but for counsel's inadequate representation, the proceedings would have produced a

different result. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000); *Mills v. Singletary*, 63 F.3d 999, 1020 (11th Cir. 1995).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Halley*, 209 F.3d 1243 (11th Cir. 2000).   The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

*Grounds 1 & 2*

In Grounds 1 and 2, Petitioner contends that his counsel was ineffective when she failed to object to the district court's decision that Petitioner was a career offender.   "Under the United States Sentencing Guidelines ("USSG"), to be a career offender the defendant must be at least eighteen years of age at the time of the instant offense of conviction, the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense, and the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense." *Starks v. U.S.*, 2010 WL 4192875, *4 (S.D. Fla., Oct. 19, 2010) (*citing* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2009)).

Petitioner was categorized as a career offender by the U.S. Probation Office in the Presentence Investigation Report, because Petitioner had been convicted of two felony crimes of violence, battery on a law enforcement officer and obstruction of a law enforcement officer. (Doc. 53, p. 6).   On direct appeal, Petitioner argued that the district court erred when it

4

sentenced him as a career offender under U.S.S.G. § 4B1.1. (*See* Doc. 74).   The Eleventh Circuit found that "the district court did not plainly err when it classified the battery of a law enforcement officer conviction and the obstruction conviction as crimes of violence for [Petitioner's] career-offender enhancement.   Nor did the district court commit plain error by failing to specify under which clause of § 4B1.2(a) [Petitioner's] prior convictions qualified as crimes of violence or by failing to perform a modified categorical analysis."   (*Id.* at p. 11).   As the Court of Appeals affirmed Petitioner's designation as a career offender, Petitioner's underlying claims that his convictions for felony battery on a law enforcement officer and obstruction of a law enforcement officer were improperly determined to be crimes of violence are without merit.   *See U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal" in §2255 motions); *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977) ("once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255").

As Petitioner's assertions that the district court erred are without merit, Petitioner cannot show that his counsel provided objectively unreasonable representation when counsel failed to object to the district court's finding that Petitioner's conviction for felony battery was a crime of violence, and when counsel did not object to the district court's failure to perform a modified categorical analysis on Petitioner's conviction for obstruction of a law enforcement officer. Further, as any objection to the classification of Petitioner's two convictions as crimes of violence would have been meritless, Petitioner cannot establish he was prejudiced by counsel's failure to object.

Accordingly, Petitioner is not entitled to relief under Grounds 1 or 2.   *See U.S. v.*

*Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (finding counsel was not ineffective because "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"); *Jackson v. United States*, 2011 WL 1636919, *5 (S.D. Ga., March 29, 2011) (finding the petitioner failed to show prejudice when his counsel did not raise a meritless objection to the petitioner's designation as a career offender).

*Ground 3*

In Ground 3, Petitioner maintains that his counsel was ineffective for failing to properly argue for a downward variance.   (Doc. 76).   Petitioner's counsel submitted a Sentencing Memorandum to the district court prior to Petitioner's sentencing hearing outlining her arguments for a downward variance pursuant to 18 U.S.C. § 3553(a).   (Doc. 54).    At sentencing, Petitioner's counsel reiterated the request for a downward variance.   (Doc. 69, Sentencing Hearing, pp. 6-9).   Specifically, counsel argued that Petitioner's crimes of violence were not as severe as an individual who is generally considered a career offender.   (*Id.* at p. 6, l. 1 – p. 8, l. 1).   Petitioner's counsel asked the district court to consider Petitioner's difficult childhood, and to consider sentencing Petitioner under the "specific offense guideline range for [Petitioner], which would be within the range of 110 to 137 months as opposed to the career offender range in this case which [would be] 210 to 240 [months]."   (*Id.* at p. 8, ll. 2-15, 21-24).

The record belies Petitioner's contention that his counsel did not properly argue for a downward variance, and Petitioner has failed to establish that his counsel's performance was deficient or that Petitioner was prejudiced by his counsel's performance.   Accordingly, Petitioner is not entitled to relief under Ground 3.   *See Rodriquez v. U.S.*, 2012 WL 6953369, *2 (M.D. Ga., Oct. 17, 2012); *Echevarria v. U.S.*, 2009 WL 1649135, *9 (S.D. Fla., June 10, 2009).

**Conclusion**

Petitioner has failed to show that his attorney's performance was deficient, or that Petitioner was prejudiced by his attorney's performance.   Thus, it is the recommendation of the undersigned that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct A Sentence be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 24th day of February, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE